OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 24, 2002

The Honorable M.P. "Dexter" Eaves
Victoria County Criminal District Attorney
210 West Constitution
Victoria, Texas 77901

Opinion No. JC-0517

Re: Whether section 623.011 of the Transportation Code provides the Texas Department of Transportation with discretion to decide whether to issue a permit authorizing an oversize or overweight motor vehicle to operate on public roads (RQ-0487-JC)

Dear Mr. Eaves:

Prior to its codification in 1995, the statutory predecessor to section 623.011 of the Transportation Code provided that the Texas Department of Transportation (the "Department") "shall" issue permits allowing oversize or overweight motor vehicles to operate on certain public roads. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 488, § 1, 1989 Tex. Gen. Laws 1661, 1661-62 (former article 6701d-11, section 5B(a), Revised Civil Statutes), *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871. Since the purportedly nonsubstantive codification in 1995, section 623.011 of the Transportation Code provides that the Department "may" issue such a permit. TEX. TRANSP. CODE ANN. § 623.011(a) (Vernon Supp. 2002). Citing the Texas Supreme Court's decision in *Fleming Foods of Texas, Inc. v. Rylander*, you ask whether this change of language means that the Department is no longer required to issue permits: "Did the Legislature in the adoption of the Transportation Code and the change of the language from 'shall' to 'may' grant discretionary authority to [the Department] in the issuance of such permits?"[1] *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286-87 (Tex. 1999). Under *Fleming Foods*, where unambiguous provisions of a purportedly nonsubstantive codification cannot be reconciled with prior law, the codification's plain language must be effectuated. *See id.* at 286. Because the term "may" is ambiguous, however, *Fleming Foods* does not control, and we may look to prior law to construe section 623.011 of the Transportation Code. Consistently with the prior law, section 623.011 does not provide the Department with discretion to issue permits for oversize or overweight commercial vehicles to applicants who have complied with the statutory requirements for registration, filed security, and paid necessary fees.

---

[1]Letter from Honorable M.P. "Dexter" Eaves, Victoria County Criminal District Attorney, to Honorable John Cornyn, Attorney General of Texas (Dec. 31, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Section 623.011 of the Transportation Code pertains to the Department's authority to permit the operation of oversize and overweight vehicles on certain public roads:

> (a) The department may issue a permit that authorizes the operation of a commercial motor vehicle, trailer, semitrailer, or combination of those vehicles, or a truck-tractor or combination of a truck-tractor and one or more other vehicles:
>
> > (1) at an axle weight that is not heavier than the weight equal to the maximum allowable axle weight for the vehicle or combination plus a tolerance allowance of 10 percent of that allowable weight; and
> >
> > (2) at a gross weight that is not heavier than the weight equal to the maximum allowable gross weight for the vehicle or combination plus a tolerance allowance of five percent.
>
> (b) To qualify for a permit under this section:
>
> > (1) the vehicle must be registered under Chapter 502 for the maximum gross weight applicable to the vehicle under Section 621.101, not to exceed 80,000 pounds;
> >
> > (2) the security requirement of Section 623.012 must be satisfied; and
> >
> > (3) a base permit fee of $75, any additional fee required by Section 623.0111, and any additional fee set by the department under Section 623.0112 must be paid.
>
> . . . .
>
> (d) When the department issues a permit under this section, the department shall issue a sticker to be placed on the front windshield of the vehicle above the inspection certificate issued to the vehicle. . . .
>
> . . . .

TEX. TRANSP. CODE ANN. § 623.011(a), (b), (d) (Vernon Supp. 2002); *see also id.* §§ 623.0113 (Vernon Supp. 2002) (explaining that, in certain circumstances, permit issued under section 623.011 does not authorize oversize or overweight vehicle operation on "the national system of interstate and defense highways" and bridges for which "a maximum weight and load limit has been established and posted"); .017(a) (Vernon 1999) (providing that Department "may issue" annual permit authorizing movement of oversize vehicle "used to carry cylindrical bales of hay"). "A person who

holds a permit issued under" section 623.011 but who violates chapter 623, subchapter B commits a misdemeanor offense. *Id.* § 623.019(a)-(b) (Vernon 1999).

A county has no authority to permit or to impose additional requirements on a vehicle that has a permit from the Department under section 623.011. With respect to county highways, "other than state highways and public roads in the territory of a municipality," a county commissioners court, through its county judge, "may issue a permit" for transporting an "overweight, oversize, or overlength commodity," for operating the superheavy or oversize equipment necessary to transport such a commodity, or for operating overweight vehicles. *See id.* § 623.018(a) (Vernon 1999); *see also id.* § 623.018(c) (allowing county to issue annual permit to dealer in implements of husbandry). But, "[i]f a vehicle has a permit issued under" section 623.011, a commissioners court is prohibited from issuing its own permit, charging an additional fee for, or otherwise regulating or restricting the vehicle's operation because of weight. *Id.* § 623.018(d)(1). A commissioners court is further prohibited from requiring the owner or operator to "execute or comply with a road use agreement or indemnity agreement, to make a filing or application, or to provide a bond or letter of credit other than the bond or letter of credit" section 623.012 prescribes. *Id.* § 623.018(d)(2). Thus, as you suggest, vehicles that have been issued a permit from the Department under section 623.011 "have been immune from further permit requirements of individual counties." Request Letter, *supra* note 1, at 1. In your opinion, the Department has permitted excess loads upon county roads that "are not built to withstand such weight[,] much less our load limit bridges," and counties have been unable to protect the roads or to receive adequate compensation for the resulting damage. *Id.* at 1-2.

As you point out, section 623.011 was codified in 1995. *See* Request Letter, *supra* note 1, at 1; *see also* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 623.011, 1995 Tex. Gen. Laws 1025, 1751-52. Prior to its codification, the relevant statute provided that the Department "shall issue permits" for oversize or overweight vehicles. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 488, § 1, 1989 Tex. Gen. Laws 1661, 1661-62 (former article 6701d-11, section 5B(a), Revised Civil Statutes), *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871. The legislature intended any changes made by the 1995 codification to be nonsubstantive. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871.

But because the 1995 codification changed the word "shall" to "may," you believe codification was substantive. In your view, the Department now has discretion to issue permits under section 623.011 and, conceivably, could decline to issue permits and defer to a county whose roads will be affected. *See* Request Letter, *supra* note 1, at 2. You cite as support the Texas Supreme Court's 1999 decision in *Fleming Foods of Texas, Inc. v. Rylander. See id.*; *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286-87 (Tex. 1999). Prior to the Supreme Court's decision in *Fleming Foods*, we could have accepted a statement of nonsubstantive codification "at face value." Tex. Att'y Gen. Op. No. JC-0245 (2000) at 3. In *Fleming Foods*, however, the Supreme Court concluded that a codification that was intended to be nonsubstantive had, in fact, substantively altered the statute because the codification's plain language was unambiguous and could not "be reconciled with prior law." *Fleming Foods*, 6 S.W.3d at 286.

"When there is no room to interpret or construe the [codified statute] as embodying the old," a court will give "full effect" to the current law. *Id.* "General statements of the Legislature's intent cannot revive repealed statutes or override the clear meaning of a new, more specific statute." *Id.*

The word "may" in the codified section 623.011 of the Transportation Code is ambiguous. As this office previously has stated, in construing a statute, "the use of the word 'may' as opposed to 'shall'" generally indicates "discretion or choice between two or more alternatives, but the context in which the word appears must be the controlling factor." Tex. Att'y Gen. LO-93-60, at 1-2 (citing BLACK'S LAW DICTIONARY 979 (6th ed. 1990)). The Code Construction Act, chapter 311 of the Government Code, indicates that the word "may" can have one of two meanings unless the context requires a different meaning: "'May' creates discretionary authority *or* grants permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 1998) (emphasis added); *accord* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 884, 75th Leg., R.S., at 1 (1997). In some contexts, the word "may" means "'to have authority to' or 'to be permitted to.'" *Id.* at 2 (quoting BRYAN GARNER, MODERN LEGAL USAGE 98, 354 (1987)).

We conclude that the term "may" in section 623.011 of the Transportation Code authorizes the Department to issue the permits to qualifying applicants rather than authorizes the Department to determine whether it will issue a permit to a qualifying applicant. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 1998); TEX. TRANSP. CODE ANN. § 623.011(a) (Vernon Supp. 2002). Given the ambiguity of the word "may," *Fleming Foods* does not preclude us from construing section 623.011 consistently with its statutory predecessor, which stated that the Department "shall issue" permits. Thus, the 1995 codification did not alter the meaning of section 623.011(a)'s substance.

Moreover, subsection (b) of section 623.011 of the Transportation Code appears to entitle a qualifying applicant to a permit from the Department and, conversely, to delegate to the Department a nondiscretionary task. *See* TEX. TRANSP. CODE ANN. § 623.011(b) (Vernon Supp. 2002). As section 623.011(b) makes clear, an applicant for a permit must meet three requirements: (1) demonstrate that the vehicle is appropriately registered; (2) file security in the amount of $15,000, payable to the Department and "the counties of this state"; and (3) pay a base permit fee of $75, as well as any additional fees. *Id.* § 623.011(b); *see id.* § 623.012(b)(1) (Vernon 1999) (explaining security requirement). Nothing in chapter 623, subchapter B provides the Department a basis for distinguishing among applicants that "qualify for a permit" by meeting these three requirements. *Id.* § 623.011(b) (Vernon Supp. 2002); *see* XII OXFORD ENGLISH DICTIONARY 972 (sense 4a) (2d ed. 1989) (defining "qualify" as "[t]o make legally capable; to endow with legal power or capacity; to give a recognized status to"). Accordingly, once an applicant has satisfied the three requirements, it is qualified for a permit, and the Department must issue one.

## S U M M A R Y

Section 623.011 of the Transportation Code requires the Department of Transportation to issue a permit authorizing the operation of an oversize or overweight motor vehicle if the applicant meets the statutory requirements. *See* TEX. TRANSP. CODE ANN. § 623.011(a) (Vernon Supp. 2002).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee